## MANUFACTURERS TRADING CORPORATION v. HARDING et al.

## HADDEN et al. v. HARDING et al.

### Nos. 9940, 9941.

United States Court of Appeals
Seventh Circuit.

April 19, 1950.

Rehearing Denied May 20, 1950.

Harry H. Ruskin, Joseph Rosenbaum, Chicago Ill., for appellants.

Alexander Wolf, Ode L. Rankin Chicago, Ill., for appellees.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff appeals from a judgment dismissing its complaint, which, in substance, set forth the following averments. Plaintiff, a finance company, between June 17, 1941, and June 27, 1941, purchased and took assignments of accounts receivable from Skandia Furniture Company, hereinafter referred to as Skandia, in the aggregate amount of $94,791.50, paying to Skandia therefor the agreed purchase price of $83,300. Skandia warranted the authenticity and validity of the accounts and the defendants guaranteed performance by Skandia and eventual payment of the

accounts and indemnified plaintiff from any loss thereafter accruing to it on account of its purchase. The assigned accounts proved to be neither genuine nor collectable. They were not paid on their respective due dates or at any time. Therefore, the complaint averred, Skandia thereby became indebted to plaintiff in the sum of $93,998.50; hence the suit was brought against defendants as guarantors and indemnifiers to recover this amount.

Defendants answered that, prior to Skandia's adjudication in bankruptcy, that is to say, on July 16, 1941, Skandia had paid to plaintiff $84,585.29 which was received by plaintiff in complete satisfaction of any and all claims that it might have against Skandia or the guarantors.

Thus the issue was drawn by the pleadings upon plaintiff's assertion that Skandia, having assigned to it worthless accounts, had failed to make good the resulting loss incurred by plaintiff thereon and that, therefore, the guarantors were liable; as against this was defendants' assertion of satisfaction of plaintiff's claim by Skandia's payment, prior to its failure, of the full amount thereof. Despite this narrow issue raised by the complaint and answer, the trial took a much wider scope. Plaintiff contended at the trial, that, though it received the $84,000 in satisfaction of its claim, inasmuch as the accounts were fraudulent when it received that sum, the circumstances were such as to cause the payment to it to amount to its unjust enrichment and that, subsequently, recognizing its liability, it had paid to Accounts Finance Company some $44,000 which it was entitled to recover in turn from the guarantors. Irrespective of whether this contention was proper under the pleadings, the case was disposed of on the merits. Plaintiff does not attack the findings of fact but it insists that under those findings its legal theory is sustained and that, therefore, the conclusions of law are incorrect.

The facts as found by the court are undisputed. We shall ignore an earlier agreement not material here. Plaintiff on or about June 11, 1940, entered into a contract with Skandia whereby it purchased accounts receivable. At the same time defendants guaranteed performance of the contract by Skandia and indemnified plaintiff from any loss accruing to it from and under said contract. The total receivables assigned amounted to $99,751.50 for which, under the contract and in conformity with its terms, plaintiff paid Skandia the purchase price of $83,300, receiving in return all vouchers, bills of lading and other instruments purporting to support the accounts. Some weeks later, on July 16, 1941, Skandia, having conceived the idea of having all its financing done by another company, the Accounts Finance Company, hereinafter referred to as Accounts Company, asked plaintiff if it would be willing to reassign the accounts to Skandia upon reimbursement for the purchase price. Plaintiff expressed its willingness to reassign to Skandia upon complete reimbursement. On the same day, Skandia agreed with Accounts Company that the latter should take over its exclusive financing. In pursuance of this agreement, Skandia recited in a letter to Accounts Company that "We have today sold and assigned to you all the accounts receivable previously sold and assigned to Manufacturers Trading Corporation and First Factoring Corporation so that your paying our indebtedness to each of these two finance companies will terminate our transactions with both of them."

Plaintiff having expressed its willingness to cooperate, the representative of Accounts Company asked its representative if the accounts were "good" and "collectable" and received the reply that, so far as plaintiff knew, they were. It was then suggested that Accounts Company make its check payable to Skandia; that the latter then endorse it and turn it over to plaintiff when the latter delivered its reassignment to Skandia and the accounts to Accounts Company. The accounts and the reassignment thereof to Skandia were delivered to Accounts Company on July 17 and the check signed by Accounts Company, payable to Skandia and endorsed by the latter to plaintiff, was handed to plaintiff, who then collected it in due course and applied the proceeds to the account of Skandia

upon its books, thus balancing the account and closing it.

These facts would be decisive of the cause of action if they contained the complete annals of the transaction. However, within a short period of time after Accounts Company received the accounts, which had been reassigned to Skandia and by it sold to Accounts Company, it was found that they were not bona fide but were fraudulent. Thereupon Accounts Company made a demand upon plaintiff for reimbursement. On August 20, 1941, plaintiff and Accounts Company entered into an agreement whereby plaintiff paid to Accounts the sum of $44,000 in satisfaction of the latter's claim. The contract recited that plaintiff had, on July 16, 1941, reassigned the accounts to Skandia and that, at the same time, Accounts Company had purchased them from Skandia and paid therefor the sum of $84,585.29 by check payable to Skandia, which in turn had been endorsed to and received by plaintiff and applied upon Skandia's account. The agreement further recited that Accounts Company had claimed that plaintiff was liable and plaintiff that it was not and that the amount paid, $44,000, in view of certain other provisions of the contract not material here, was a compromise of the conflicting claims. It was this $44,000 that plaintiff really sought to recover, not the entire purchase price as averred in its complaint but the $44,000 it had paid to Accounts Company. The District Court found that at the time of the delivery on July 17, 1941, by the plaintiff to Accounts Company of plaintiff's reassignment to Skandia and the copies of the bills of lading, both plaintiff and Accounts Company believed the accounts genuine and valid and that neither then knew that they were false and fictitious.

The court concluded as a matter of law that plaintiff did not sell the receivables to Accounts Company but that plaintiff in fact reassigned them to Skandia and that Skandia thereupon sold them to Accounts Company and that defendants, as guarantors of the accounts assigned to plaintiff were, upon their reassignment by plaintiff and its payment in full, discharged of all obligation to plaintiff by operation of law.

Before proceeding further, we think it not amiss to observe that the variance between the proof and pleading was of such character as to justify the denial of plaintiff's demand, for it had not proved the claim it pleaded; but, in view of the fact that the parties seem to have largely ignored the limitations of the pleading, we have thought it best to examine the question upon the merits. The undisputed facts, as found by the court, are that plaintiff purchased certain accounts receivable from Skandia; that later, at Skandia's solicitation, it reassigned these accounts to Skandia, receiving from the latter, by way of reimbursement, the full amount it had invested in the accounts; that it received this reimbursement in the form of a check made by Accounts Company to Skandia and in turn, endorsed by Skandia to the plaintiff. Upon receipt of this check, Skandia's account with plaintiff became a closed transaction and there remained no longer any demand in plaintiff's favor against Skandia or in Skandia's favor against plaintiff. Their transactions were at an end; and, inasmuch as the guarantors and indemnifiers had merely agreed to guarantee the collection of the accounts receivable and to protect plaintiff against loss, when plaintiff was completely reimbursed for its original outlay and the subject matter of the contract redelivered to Skandia, the liability of the guarantors ended. Thereafter no claim could arise upon that contract in favor of plaintiff as against Skandia, for plaintiff had been satisfied, its demand discharged and the prior respective rights and liabilities of the parties forever concluded. This follows inevitably from the fact that the final transaction was not a sale to Accounts Company but a reassignment of the accounts receivable to the original assignor for a valuable consideration in complete settlement of plaintiff's demand.

We find in the record no evidence of any character impinging upon the correctness of this conclusion, no evidence that plaintiff was under any obligation to Accounts

Company. There certainly can be no basis in the facts found by the trial court for holding that the money received by plaintiff from Skandia unjustly enriched it. Far from doing so, it merely satisfied plaintiff's account against Skandia. While the record does not disclose any such state of fact, if, indeed, there were a liability against the plaintiff in favor of Accounts Company for misrepresentation as to the character of the accounts, such liability was one arising entirely outside of and beyond the boundaries of the agreement between Skandia and Accounts Company. In other words, if plaintiff made any misrepresentation to Accounts Company, for which it became liable, that fact is not in the record; but, even if it were, it would not endow plaintiff with a cause of action against the guarantors, for they never made any guaranty of protection of plaintiff against liability for its own misrepresentation.

The judgment is affirmed.